AQUILINA VILLANUEVA CARBALLO, Plaintiff and Appellee, v. JUAN SUÁREZ ET UX., Defendants and Appellants.

No. 4693.   Argued June 18, 1929.—Decided May 23, 1930.

*Feliú & La Costa* for appellants.   *M. A. Martínez Dávila* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The complaint herein has a double aspect. Appellants insist that the gist of the action is to be found in certain averments as to threats, deceit, duress and fraud. Appellee submits that the action is primarily one for the recovery of money received by defendant without any legitimate claim or right thereto, and paid by plaintiff through mistake. From either standpoint, the complaint states facts sufficient to constitute a cause of action. For the purposes of this opinion the second of the two theories may be regarded as

an alternative ground, or second cause of action intended to be relied upon by plaintiff in the event of failure to establish the first under the familiar rule that requires clear and convincing proof of fraud.

Appellants say that the district court erred: first, in finding that alleged threats, deceit, fraud, and duress has been proved; second, in finding that the defendant Suárez Pérez had improperly collected from plaintiff the sum of $1,875, in adjudging defendant to pay the same with interest thereon at the legal rate from April 18, 1925, and in awarding costs to plaintiff, and third, in rendering judgment for plaintiff.

The third of these three contentions as developed in the brief for appellants, is a corollary of the first. Unless the second be clearly correct, the first becomes academic.

Sections 1796 and 1797 of the Civil Code read as follows:

"Sec. 1796. If a thing is received when there was no right to claim it and which, through an error, has been unduly delivered, there arises an obligation to restore the same.

"Sec. 1797. A person who accepts a payment not due, should he have acted in bad faith, must pay the legal interest when money is involved, or for the fruits collected or which ought to have been collected, if the thing received should produce them.

"He shall furthermore be liable for the impairments the thing may have suffered on account of any cause whatsoever and for the damages caused to the person who delivered it, until he recovers it. He shall not be liable for fortuitous events, when they may have affected the things in the same manner should they have been in the possession of the person who delivered them."

In order to secure an outstanding judgment, a judicial administrator mortgaged three properties, "A", "B", and "C". In a subsequent division of the estate, the property "C" was allotted to Gumersindo Falú, as executor, for the purpose of paying this mortgage. At the same time, an undivided three-fourths interest in the property "B" was allotted to Aquilina Villanueva Carballo, plaintiff herein.

Falú then sold the property "C", together with another to Juan Suárez Pérez, defendant herein. Some months later Suárez Pérez brought an action against Aquilina Villanueva on a promissory note which had been indorsed to him by the payee, for the amount due thereon, and for various other sums of money alleged to have been lent by him to the said Aquilina Villanueva. She then conveyed to Suárez Pérez her undivided three-fourths interest in property "B".

The deed specifies a consideration of $4,500. It refers to an outstanding mortgage lien on the property to the amount of $2,500 with interest thereon at twelve per cent and asserts that the vendor was bound to pay three-fourths of that amount together with a like proportion of interest and taxes, or in other words the sum of $1,875 of the principal with accrued interest, in addition to her share of the unpaid taxes. Of the $4,500, the vendor, an illiterate widow, received only $1,500 in cash at the time of the conveyance. Suárez Pérez assumed responsibility for payment of the mortgage with interest and taxes, in so far as the three-fourths undivided interest acquired by him was concerned, and waived all right to any claim against the vendor in connection with such lien.

By the terms of the mortgage for $6,000 already mentioned, property "A" was made liable for $1,500, property "B" for $2,500 and property "C" for $2,000. This mortgage, the allotment of property "C" to Gumersindo Falú for the purpose of paying it, and the conveyance of property "C" by Falú to Suárez Pérez were recorded in the registry of property some eight months before Suárez Pérez acquired the widow's interest in property "B".

Gumersindo Falú, within a few days or within a few weeks after he had acquired property "C" at a valuation of $6,000 on condition that he should meet an outstanding obligation of $6,000 assumed by him, conveyed that property to Suárez Pérez for a consideration of $3,400. At the same time Falú sold to Suárez Pérez another property, which is not identified by the evidence before us. Neither the total purchase price

nor that of the unidentified property is disclosed by the record herein. Out of that total, whatever it was, Suárez retained $3,500 to cover outstanding mortgage liens on the two properties. The record entry shows that, according to a recital in the deed, the mortgage lien on property "C" was for $2,000, and identifies the same as the proportionate liability of this property under the mortgage for $6,000 first above mentioned. The unexplained difference between the assessed valuation of the property at the time of its acquisition by Falú and the consideration specified in the deed of conveyance to Suárez Pérez exceeds by $100 only the principal of the mortgage lien existing on property "B", as the proportionate liability of that property for the total obligation of $6,000 assumed by Falú. Also, as pointed out by appellee, this unexplained difference, if added to the $3,500 retained by Suárez Pérez out of the total purchase makes a total of $6,100, or $100 more than the amount of the obligation assumed by Pérez in consideration of the allotment to him of property "C". Incidentally the difference between the $3,500 retained by Suárez Pérez and the $2,000 of the original mortgage lien happens to be the exact amount of the proportionate share of property "A" in the total liability for the $6,000, principal of the original mortgage obligation assumed by Suárez Pérez when he acquired property "C".

When the widow conveyed her undivided interest in property "B" to Suárez Pérez, he insisted upon inserting a clause drafted by him in his own handwriting and handed by him to the notary. It reads as follows:

"(f) Aquilina Villanueva further says that if on account of the partition of the properties left by Manuel Falú Benítez at the time of his death, any other property should prove to be liable (gravada) for the payment of the mortgage hereinbefore mentioned, she hereby waives in favor of the vendee, Juan Suárez Pérez whatever claim she might have thereon."

Thus it appears quite clearly that Suárez Pérez had actual knowledge, as well as constructive notice, of the fact that

Falú's title to property "C" was contingent upon performance of the obligation assumed by him at the time of its acquisition.

The holder of the $6,000 mortgage was not a party to the deed of partition, and, of course, was not bound by the terms and conditions of that instrument. As to him, properties "A" and "B" remained subject to the mortgage lien, in the event that he should elect to foreclose such lien upon failure of Falú to pay the mortgage. As between Falú and the other parties to the deed of partition, the others were relieved of all personal liability; properties "A" and "B" were freed from all encumbrances, and Falú's title to property "C" was conditioned upon payment by him of the mortgage for $6,000. He could not release that property from the charge so placed upon it except by making such payment. Suárez Pérez took his title to property "C" from Falú subject to the same condition upon which Falú had acquired that title. Whether, after the purchase by Suárez Pérez, that condition was to be fulfilled by him or by Falú is a matter of no importance. If Suárez Pérez did not know of this condition at the time of his purchase from Falú, he was fully aware of it when he subsequently acquired the widow's interest in property "B".

The deed from the widow to Suárez Pérez shows that she believed herself to be personally liable for $1,875, which she did not owe. It is not probable that she would have permitted Suárez Pérez to retain $1,875 of the purchase price in order to pay a debt previously assumed by Falú, if she had known that either Falú or Suárez Pérez was already primarily bound to pay that debt.

It is quite conceivable that Suárez Pérez at the time of his purchase from Falú did not assume any personal responsibility for the $4,000 originally secured by the mortgage liens on properties "A" and "B". If Suárez Pérez had retained the $1,875 as a deposit to secure him against any possible loss through failure on the part of Falú to pay off

any part of the original mortgage indebtedness for which he remained responsible, a somewhat different case would have been presented. He had no right to retain the money upon the understanding. with his vendor that it was for the purpose of meeting her personal obligation when he knew that no such obligation existed. He acted in bad faith, within the meaning of section 1797, *supra,* whether guilty or not of any fraudulent misrepresentation.

The district judge did not err in finding that the defendant Suárez Pérez had improperly collected from plaintiff the sum of $1,875, and in adjudging defendant to pay the same with interest thereon at the legal rate. There was no abuse of discretion in awarding costs to plaintiff.

We need not discuss the testimony concerning threats, duress, and deceit.

The judgment appealed from must be affirmed.